IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| HENRY CHANCE and AUDREY AIRD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 1:12cv591-LO/JFA |
| v. | ) | |
| | ) | |
| CARDINAL FOREST HOMEOWNERS | ) | |
| ASSOCIATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

COME NOW the defendants, Cardinal Forest Homeowners Association, Kelly Carder, Michael Carder, Joe Marie Moberg, George Speer, Doug Finch, and Cheryl DiMaio, in their individual capacities, by counsel, and move this Honorable Court to dismiss the Complaint against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure of the plaintiffs' Complaint to state any claims upon which relief can be granted.

1.   All of the claims against Michael Carder, Joe Marie Moberg, George Speer, Doug Finch, and Cheryl DiMaio should be dismissed for failure of plaintiffs to plead any facts as to their alleged actions that relate to the claims asserted in the Complaint.  While plaintiffs attempt to state that all of their claims are asserted against the "Defendants," they fail to state which defendants allegedly took what actions.  Plaintiffs' allegations constitute unwarranted inferences and unreasonable conclusions which are insufficient to state any claims upon which relief can be granted.  Plaintiff has failed to plead sufficient facts against these defendants to state any claims upon which relief can be granted.

2.   All of the claims in the Complaint should also be dismissed against Kelly Carder and

1

Cardinal Forest Homeowners Association as plaintiffs have failed to specifically assert any of the enumerated causes of action against them.  Plaintiffs have failed to identify them specifically as the defendants in question in any of the five counts of the Complaint.  Therefore, all of the claims asserted should also be dismissed against these defendants.

3.  Count I should be dismissed against all of the defendants because plaintiffs' claim for defamation fails to state specific facts upon which relief can be granted.  Plaintiffs have failed to meet the elements of a claim for defamation and have failed to plead any facts as to what "false statements" were made about them or provide any information pertaining to alleged statements by defendants at all.  Furthermore, defendants are protected from defamation claims by the absolute judicial privilege for any filings in court proceedings.

4.  Count II should be dismissed against all of the defendants because plaintiffs have failed to state a claim for the "Tortious Interference with Contract" upon which relief can be granted.  Plaintiffs have failed to satisfy the four elements of such a claim or provide any facts regarding a contractual relationship, knowledge of the relationship by any of the defendants, the alleged interference, the alleged breach of the contract, or specifically plead any damages plaintiffs suffered as a result.

5.  Count III should be dismissed against all of the defendants because plaintiffs have failed to state a claim for a violation of the Fair Housing Act upon which relief can be granted.  Specifically, plaintiffs failed to plead any facts regarding handicaps to state a claim under the subsections of 42 U.S.C. § 3604 (f) of the Fair Housing Act cited by the plaintiffs under Count III.  Furthermore, plaintiffs cannot prevail on their claim by simply asserting that there is a violation of all applicable subsections of the Fair Housing Act.  Plaintiffs have failed to plead sufficient facts to garner such relief under a claim for a Fair Housing Act violation.

6. Count IV should be dismissed against all of the defendants because claims arising under 42 U.S.C. § 1983 must be asserted against someone acting under color of law. Plaintiffs cannot sue defendants for alleged violations arising under 42 U.S.C. 1983, as plaintiffs have not alleged that defendants were acting under color of law at any time. Furthermore, plaintiffs have failed to state any facts to support the conclusory allegations found in Count IV of the Complaint.

7. Count V should be dismissed against all of the defendants since plaintiffs have failed to state any facts to support the conclusory allegations contained in Count V. Plaintiffs have failed to plead the existence of any rights with which defendants allegedly interfered. Furthermore, a claim for interference or coercion pursuant to 42 U.S.C. 3617 is most appropriately brought by an independent third party. Plaintiffs have not pled that they were third parties assisting others, nor have they pled facts sufficient to satisfy all of the elements of this type of claim.

8. Plaintiffs are not entitled to the damages sought in the Prayer for Relief as they have failed to state any claims upon which relief can be granted, and these damages should not be awarded against any of the defendants.

WHEREFORE the defendants, Cardinal Forest Homeowners Association, Kelly Carder, Michael Carder, Joe Marie Moberg, George Speer, Doug Finch, and Cheryl DiMaio, by counsel, respectfully request that this Court grant their Motion to Dismiss the Complaint against them.

Respectfully submitted,

CARDINAL FOREST HOMEOWNERS
ASSOCIATION, KELLY CARDER, MICHAEL
CARDER, JOE MARIE MOBERG, GEORGE
SPEER, DOUG FINCH, AND CHERYL DIMAIO

By: _____ /s/ Jennifer Lee Parrish

Jennifer Lee Parrish, VSB # 31996
Medford J. Brown, IV, VSB # 76543
PARRISH, HOUCK & SNEAD, PLC
701 Kenmore Ave, Suite 100
P.O. Box 7166
Fredericksburg, VA 22401-7166
(540) 373-3500
Fax: (540) 899-6394
parrish@phslawfirm.com
*Counsel for defendants Cardinal Forest Homeowners Association, Kelly Carder, Michael Carder, Joe Marie Moberg, George Speer, Doug Finch, and Cheryl DiMaio*

**WARNING**: *Pro se* plaintiffs should note (1) that they are entitled to file a response opposing the motion and that any such response must be filed within twenty (21) days of the date on which this motion has been filed; (2) The Court could dismiss the action on the basis of the moving party's papers if the *pro se* party does not file a response; and (3) The *pro se* party must identify all facts stated by the moving party with which the *prose* party disagrees and must set forth the *pro se* party's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and (4) The *pro se* party is also entitled to file a legal brief in opposition to the one filed by the moving party.  **This statement is provided in accordance with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).**

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2012, I will electronically file the foregoing Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, and I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

Landmarc Real Estate , Inc.
Registered Agent:  Art Chiavaroli
3715 Latimers Knoll Court
P.O. Box 7268
Fredericksburg, VA 22404

Henry Chance &
Audrey Aird
P.O. Box 5579
Fredericksburg, VA
22403
*Pro se plaintiffs*

        /s/ Jennifer Lee Parrish

Jennifer Lee Parrish, VSB # 31996
Medford J. Brown, IV, VSB # 76543
PARRISH, HOUCK & SNEAD, PLC
701 Kenmore Ave, Suite 100
P.O. Box 7166
Fredericksburg, VA 22401-7166
(540) 373-3500
Fax: (540) 899-6394
parrish@phslawfirm.com
*Counsel for defendants Cardinal Forest Homeowners Association, Kelly Carder, Michael Carder, Joe Marie Moberg, George Speer, Doug Finch, and Cheryl DiMaio*

5