IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| HENRY CHANCE and AUDREY AIRD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 1:12cv591-LO/JFA |
| v. | ) | |
| | ) | |
| CARDINAL FOREST HOMEOWNERS ASSOCIATION, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO WITHDRAW WITHOUT PREJUDICE

COME NOW the defendants, Cardinal Forest Homeowners Association, Kelly Carder, Michael Carder, Joe Marie Moberg, George Speer, Doug Finch, and Cheryl DiMaio, in their individual capacities, by counsel, in opposition to Plaintiffs' Motion to Withdraw Without Prejudice (hereinafter "Plaintiffs' Motion") and move this court to deny Plaintiffs' Motion for the following reasons.

*Summary of Plaintiffs' Motion*

Plaintiffs' Motion requests that this court dismiss plaintiffs' lawsuit without prejudice. Plaintiffs are essentially asking for the ability to start the case proceedings all over again from the beginning based on allegations and assertions by plaintiffs that they were deceived, defrauded, and improperly / insufficiently represented by their former counsel, both the Spiggle Law Firm and Victor Glasburg. *See* Plaintiffs' Motion, pp. 1-4. Plaintiffs assert that due to the actions of these attorneys (as set forth in the Motion), plaintiffs' case is unable to go forward, and plaintiffs would like "new counsel to file a new action representing the true interests, damages, claims and injuries of the Plaintiffs." *Id*. at p. 5. Plaintiffs state that lawyers they have

consulted would be willing to take the case on contingency if "allowed to base the case pleadings on the actual evidence." *Id*. at p.2. However, plaintiffs also indicate that "[s]everal attorneys have also agreed to contract terms (including financial compensation) that will bind their services through the conclusion of this case." *Id*.

*Procedural History of the Case*

The present action has been pending for a lengthy amount of time. The original Complaint was filed *pro se* on May 31, 2012. After defendants' Motions to Dismiss were granted on July 27, 2012, this court gave plaintiffs 90 days to file an amended complaint. On September 17, 2012, plaintiffs filed a Motion for Extension of Time to file an amended complaint. Plaintiffs were given an additional 45 days and received permission to file an amended complaint by December 10, 2012. The Amended Complaint was filed on December 10, 2012 by the Spiggle Law Firm, as counsel for plaintiffs. Despite defendants' best efforts in attempting a dismissal of the counts in the Amended Complaint, this court by order of March 14, 2013 denied in the entirety defendants' Motions to Dismiss the counts in the Amended Complaint. Therefore, according to the court's ruling at that time, this court felt that all of plaintiffs' claims were sufficiently pled to survive a 12(b)(6) motion.

Defendants produced to plaintiffs' counsel on May 17, 2013 Defendants' Initial Disclosures along with a CD-ROM containing all 354 documents relating to the initial disclosures. Such disclosures were produced in accordance with Federal Rule of Civil Procedure 26 and in accordance with the joint Discovery Plan filed with the court as Document 63 on April 30, 2013. Defendants also sent plaintiffs requests for admission, and interrogatories and requests for production of documents on June 13, 2013. On June 14, 2013, the Spiggle Law Firm filed a motion to withdraw as counsel, after the firm was "discharged from employment" by plaintiffs.

*See* Motion to Withdraw, June 14, 2013. Also on June 14, 2013, this court entered an Order at the request of plaintiff Henry Chance that all discovery deadlines and dates be continued for 21 days in order to give plaintiffs adequate time to find new counsel. Furthermore, on July 22, 2013, this court entered an Order at plaintiffs' request staying the case until August 23, 2013 and extending all deadlines by an additional 30 days.

After receiving two extensions of time in the case, plaintiffs retained Victor Glasburg as counsel. Mr. Glasburg attempted settlement negotiations on behalf of plaintiffs with defense counsel in an attempt to amicably resolve the pending claims. Settlement negotiations ultimately failed,[1] and Mr. Glasburg terminated his representation of plaintiffs on or around September 1, 2013. Plaintiffs filed a Motion to Compel against defendants, which was heard and denied without prejudice on September 13, 2013. Defendants then moved to compel plaintiffs to respond to their written discovery questions which had gone unanswered for over three months, and oral argument was scheduled for October 18, 2013. The court continued the hearing on defendants' motion on that date since plaintiffs' counsel indicated at that hearing that this present Motion to Withdraw was forthcoming. Plaintiffs' Motion was filed that very same day.

*Legal Argument*

The Federal Rules of Civil Procedure discuss the dismissal of a case without prejudice under Rule 41. Pursuant to Rule 41(a)(1)(A)(ii), the court can dismiss an action via a "stipulation of dismissal signed by all parties who have appeared." *Id*. In the present situation,

---

[1] After defendants reached a tentative agreement for the settlement of both the federal and state cases with plaintiffs' counsel, and plaintiff Chance approved the terms of the settlement with certain modifications (as documented in Exhibit B attached to Defendants' Motion for an Extension of Discovery and Continuance of Final pretrial Conference (Document #87-2)), Mr. Chance revoked his agreement as to the terms over the next 48-72 hours. *See Id*. Settlement negotiations were discontinued as plaintiffs were unwilling to agree to any terms resulting in a dismissal of this case with prejudice. *See Id.*, Exhibit C (Document #87-3).

3

the defendants herein opposing this Motion will not stipulate to the dismissal, so this provision of Rule 41 cannot serve to dismiss the case. The avenue of dismissal without prejudice would be by way of Rule 41(a)(2). Such provision allows for dismissal "at the plaintiff's request only by court order, on terms that the court considers proper." *Id*. This court should not grant plaintiffs' Motion as there are insufficient conditions present justifying such a dismissal at this stage in the case proceedings, and such a dismissal would substantially prejudice the defendants.

It is true that a motion for "dismissal without prejudice should not be denied absent substantial prejudice to the defendants." *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir. 1986). "The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). However, in considering such a motion, the court should "'consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need of the voluntary dismissal, as well as the present stage of litigation.'" *Nesari v. Taylor*, 806 F. Supp. 2d 848 (E.D. Va. 2011) (quoting *Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 539 (4th Cir. 2004)); *see also Shabazz v. PYA Monarch, LLC*, 271 F. Supp. 2d 797, 800 (E.D. Va. 2003).[2]

In *Nesari*, the United States District Court for the Eastern District of Virginia denied the

---

[2] In *Shabazz*, the United States District Court conducted an analysis of the four factors to be considered when ruling on a motion to dismiss without prejudice. The court denied the motion for several reason, including but not limited to the fact that the defendant had spent a considerable amount of time defending the case up to that point, plaintiff failed to comply with the discovery deadlines, plaintiff failed to file an accompanying memorandum in support of the motion (as is the case in the present situation), and plaintiff failed to provide a sufficient explanation for the need for the dismissal of the case without prejudice. 271 F. Supp. 2d at 800. *See also Teck General Partnership v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989 (E.D. Va. 1998) (where the United States District Court for the Eastern District of Virginia denied a motion to dismiss pursuant to Rule 41(a)(2) for reasons similar to those as discussed in *Shabazz*).

plaintiff's motion for dismissal without prejudice. *Nesari*, 806 F. Supp. 2d at 862. As a basis for the court's ruling, the court considered factors such as plaintiff's dilatory tactics throughout the discovery period, plaintiff's failure to produce discovery in response to defendants' repeated requests, and the evasion of efforts to take his deposition. *Id*. In fact, the court stated that "Nesari's lack of diligence alone could constitute grounds for involuntary dismissal of [the] action under Fed. R. Civ. P. 41(b). As it stands, however, his failure to comply with even his most basic discovery obligations renders his Motion for Voluntary Dismissal under Fed. R. Civ. P. 41(a)(2) completely unavailing." *Id*. The Eastern District also denied the plaintiff's motions in *Shabazz* and in *Teck General Partnership* after conducting similar analyses. *See* fn. 1.

As the United States District Court for the Fourth Circuit has clearly established, the standard for reviewing a district court's denial of a Rule 41(a)(2) motion is abuse of discretion. *See Andes*, 786 F.2d at 1036-37. In *Andes*, the Fourth Circuit affirmed the denial of a motion to dismiss without prejudice since it found that the district court did not abuse its discretion in denying the motion. *See Id*. The defendants argued that they had "already incurred significant expenses, not only in responding to Andes' complaint and filing motions and memoranda in support of summary judgment, but also by incurring substantial costs of discovery, through depositions, production of documents, and obtaining of expert opinions on English law." *Id*. at 1036. The Forth Circuit found that though defendants had not incurred "extreme prejudice," they had sustained more prejudice than in previous rulings on this issue. "[T]he proceedings were more advanced than a number of cases cited in which voluntary dismissal was held proper, *see, e.g., southern Ry. v. Chapman*, 235 F.2d 43 (4 Cir. 1956) (defendant had merely filed a motion for transfer); *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031 (5 Cir. 1974) (motion filed just four months after defendant joined as party, defendant having participated in little or no

5

discovery and incurred 'a minimum of expense')." *Andes*, 786 F.2d at 1036.

The prejudice suffered by defendants in the present case is a sufficient basis for this court to deny plaintiffs' Motion. The case has been delayed at plaintiffs' request for a substantial period of time over the past year, as is clearly documented above in this Memorandum. Defendants incurred substantial costs in defending this lawsuit in the filing of two motions to dismiss, filing of initial disclosures, exchange of written discovery, responding to plaintiffs' motion to compel that was ultimately denied, proceeding with their own motion to compel, and the opposition of various other motions filed by plaintiffs over the course of the proceedings, including a motion to stay proceedings and for emergency injunctive relief. Clearly defendants have put a significant amount of effort and expense into defending the action thus far.

Secondly, plaintiffs have shown excessive delay and lack of diligence in proceeding with their claims. Plaintiffs have failed to respond to the written discovery propounded to them (despite several extensions and stays of discovery) and plaintiffs have not responded to defendants' requests to set up depositions. Furthermore, plaintiffs' explanation for the need of the dismissal of the action is insufficient. Plaintiffs do not seem to be estopped from obtaining legal counsel at the present time (allegedly several lawyers have agreed to contract terms "that will bind their services through the conclusion of this case" Motion, p.2), so dismissing the action with prejudice is an unnecessary action with an insufficient basis, given the assertions in the Motion by plaintiffs' counsel.[3] Finally, plaintiffs' Motion was only filed on the day of the court hearing on defendants' Joint Motion to Compel discovery responses, and therefore appears to have been filed so that the Motion to Compel would not be entered against them. Given the application of the facts of this case to the four-factor test employed to determine prejudice to the

---

[3] It should also be noted that Victor Glasburg has adamantly opposed the accusation in plaintiffs' Motion against him.

defendants, this court should find that there is a sufficient basis to deny plaintiffs' Motion.

Defendants respectfully request that this court deny plaintiffs' Motion and require that plaintiffs move forward with the current lawsuit which has been pending in this court since May 31, 2012. In addition, defendants respectfully request that plaintiffs' action be dismissed with prejudice for continued delays and dilatory tactics. The court has discretion to "dismiss the plaintiff's action either without prejudice or, by so specifying, with prejudice." *Choice Hotels Intern., Inc. v. Goodwin and Boone*, 11 F.3d 469, 471 (4th Cir. 1993). Should this court grant plaintiffs' Motion and dismiss the case without prejudice, defendants respectfully request that this court order conditions and/or stipulations guiding plaintiffs' potential re-filing of such action.[4] These stipulations should include that plaintiffs are required to re-file suit with legal counsel. The basis of plaintiffs' Motion is that plaintiffs have had inadequate legal representation in this matter to successfully move forward on the case. Plaintiffs have also asserted that they have consulted with and potentially entered into agreements with one or more attorneys who are allegedly willing to take on the case. Therefore, requiring legal counsel to re-file should be a natural prerequisite to a subsequent lawsuit. Furthermore, defendants respectfully request that this court grant them their costs expended thus far should they be required to re-litigate this matter all over again. Such costs awarded are a reasonable condition that can be imposed by the court on plaintiffs in the granting of a motion pursuant to Rule

---

[4] The United States Court of Appeals for the Fourth Circuit has "held that the Rule also allows the district court to dismiss the plaintiff's action without prejudice but with conditions that the plaintiff must satisfy, and to specify that the dismissal will become prejudicial if the plaintiff fails to satisfy the conditions." *Choice Hotels Intern., Inc. v. Goodwin and Boone* 11 F.3d 469, 471 (4th Cir. 1993). However, in order for the failure of compliance with such conditions to result in a dismissal of the lawsuit with prejudice, this court's order regarding plaintiffs' Motion must state such guidelines explicitly. *See Id.* at 471. *See also Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 509 (E.D. Va. 2006).

41(a)(2).[5]

For the above stated reasons, defendants Cardinal Forest Homeowners Association, Kelly Carder, Michael Carder, Joe Marie Moberg, George Speer, Doug Finch, and Cheryl DiMaio, by counsel, respectfully request that this court deny Plaintiffs' Motion to Withdraw Without Prejudice and either dismiss the case with prejudice or in the alternative, order that the current case proceed forward with the herein requested stipulations and conditions.

        Respectfully submitted,

        CARDINAL FOREST HOMEOWNERS
        ASSOCIATION, KELLY CARDER, MICHAEL
        CARDER, JOE MARIE MOBERG, GEORGE
        SPEER, DOUG FINCH, AND CHERYL DIMAIO

        By:    /s/ Medford J. Brown, IV

Jennifer Lee Parrish, VSB # 31996
Medford J. Brown, IV, VSB # 76543
PARRISH, HOUCK & SNEAD, PLC
910 Princess Anne St., 2nd Floor
P.O. Box 7166
Fredericksburg, VA 22401-7166
(540) 373-3500
Fax: (540) 899-6394
parrish@phslawfirm.com
brown@phslawfirm.com
*Counsel for defendants Cardinal Forest Homeowners Association, Kelly Carder, Michael Carder, Joe Marie Moberg, George Speer, Doug Finch, and Cheryl DiMaio*

---

[5] "In exercising that discretion, district courts can impose terms and conditions on the plaintiff in order to obviate any prejudice to the defendant. Those terms and conditions materially alter the legal relationship between the parties in an effort to protect the defendant from prejudice as a result of the dismissal. For example, the court can: (a) condition dismissal on the plaintiff's payment of costs; (b) impose a condition restricting the forum in which the plaintiff may refile the claim; (c) require the plaintiff to (or not to) use existing discovery in any refiled action; and (d) require the plaintiff to produce additional discovery. *See* 8 Moore's Federal Practice § 41.40(10). Of course, the ultimate condition that the court can impose on the voluntary dismissal is that the dismissal be with prejudice." *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 509 (E.D. Va. 2006).

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 29th day of October, 2013, I will electronically file the foregoing Defendants' Memorandum in Opposition to Plaintiffs' Motion to Withdraw Without Prejudice with the Clerk of the Court using the CM/ECF system which will provide electronic notification to the following individuals. Furthermore, I will also send a hard copy of the Memorandum to the Court via first class mail.

Jeremy D. Capps (VSB# 43909)
Harmon, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
(804) 747-5200
(804) 747-6085 – fax
jcapps@hccw.com
*Counsel for Defendant Landmarc Real Estate*

and I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

Henry Chance &
Audrey Aird
1 Bellamy Lane
Fredericksburg, VA
22406
*Pro se plaintiffs*

                /s/ Medford J. Brown, IV

Jennifer Lee Parrish, VSB # 31996
Medford J. Brown, IV, VSB # 76543
PARRISH, HOUCK & SNEAD, PLC
910 Princess Anne St., 2nd Floor
P.O. Box 7166
Fredericksburg, VA 22401-7166
(540) 373-3500
Fax: (540) 899-6394
parrish@phslawfirm.com
brown@phslawfirm.com
*Counsel for defendants Cardinal Forest Homeowners Association, Kelly Carder, Michael Carder, Joe Marie Moberg, George Speer, Doug Finch, and Cheryl DiMaio*