**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **HENRY CHANCE, ET AL,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civ. Act. No. 1:12-cv-00591-LO-JFA |
| | ) |
| **CARDINAL FOREST HOMEOWNERS** | ) |
| **ASSOCIATION, ET AL** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
WITHDRAW COMPLAINT WITHOUT PREJUDICE**

Plaintiffs Henry Chance and Audrey Aird, by counsel, respectfully submit this Reply in support of their Motion to Withdraw their Complaint and Amended Complaint without Prejudice to their leave to refile a new complaint. Plaintiffs state in support as follows.

Plaintiffs' undersigned counsel was first contacted about this case on October 24, 2013 and was officially retained on October 28.[1] Counsel entered his appearance on October 30. Respectfully, Plaintiff's counsel wishes to comment briefly on the unusual posture of this case and to respond to the Cardinal Forest and Landmarc Defendants' Oppositions.[2]

Initially, while Plaintiff's counsel has been diligently reviewing the case history and posture over the past several days, given his status as new counsel of record, he asks for the

---

[1] Plaintiffs wish to clarify that no attorney, prior to the undersigned counsel, ever entered into an agreement to represent Plaintiffs following Victor Glasberg withdrawal of his representation earlier this month. Plaintiffs' Motion to Withdraw meant to explain that while other attorneys they contacted had stated they would take the case if it were re-filed as a new action, none of them entered into an agreement to represent Plaintiffs in the current action.

[2] Plaintiffs note that under Local Rule 7, Landmarc's October 30 Opposition was untimely filed 12 days after the October 18 Motion to Withdraw the Complaint; however, the Landmarc Opposition merely adopts and incorporates the Cardinal Forest Defendants October 29 Opposition.

1

Court's indulgence if he overlooks any fact or procedural nuance in discussing the current status of the case.

First, while the *pro se* Motion to Withdraw the Complaint requests leave to dismiss the Complaint (and by implication, the Amended Complaint), Plaintiffs suggest that an alternative solution would be for the Plaintiffs to file a Motion for Leave to File a Second Amended Complaint in which they can assert new facts in support of their case that arose after the filing of the Amended Complaint.  These facts would include the Cardinal Forest Defendants' actions in early 2013 to prevent Plaintiffs from holding HOA Board seats due to racial animus and other of discriminatory actions.  It is Plaintiffs' current position that granting such leave to amend the Amended Complaint and extending the discovery deadlines in this case is preferable to dismissing the case without prejudice.

If, however, the Court is inclined to grant the Motion to Withdraw the Complaint, there are multiple facts counseling against penalizing Plaintiffs in the manners suggested by Defendants.  Plaintiffs' Motion to Withdraw notes very serious allegations against Plaintiff's former trial counsel with regard to attorney's fees, most particularly the Spiggle Law Firm.  While undersigned counsel has not yet had the opportunity to contact the Spiggle Law Firm and Plaintiffs' other former counsel, Plaintiffs inform him that the Spiggle Law Firm still retains crucial and original evidence in the case, despite Plaintiffs' request that all evidence be returned to them.  Second, while Defendants emphasize that Plaintiffs have not responded to their discovery requests, Plaintiffs' counsel will make certain that they are answered promptly, keeping in mind that the Defendants' Motion to Compel Discovery Responses is set for November 8.  However, given Plaintiffs' counsel's recent entry into the case, Plaintiffs respectfully ask that the court date for the Defendants' Motion to Compel be moved to

November 15 or another later date to provide Plaintiffs with adequate time to fully prepare their discovery responses.

Likewise, Defendants are likely late on their own discovery responses. Plaintiff's counsel today spoke with counsel for the Cardinal Forest Defendants. Defense counsel confirmed that Plaintiffs served all Defendants with Interrogatories and Document Requests on June 7, 2013 and Requests for Admissions on June 10, 2013. Counsel related that on July 16, Defendants answered Plaintiffs' Request for Admission but only objected to Plaintiffs' Interrogatories and Document Requests. Unless the Court granted an extension for objections, it appears that Defendants' objections were untimely under Local Rule 26(C), which mandates the service of objections within 15 days of service of Plaintiffs' June 7 discovery requests. Accordingly, Defendants' objections should be deemed waived, and their failure to answer Plaintiffs' discovery for these many months has prejudiced Plaintiffs' prosecution and preparation of their case. Although Plaintiffs are not currently set for a Motion to Compel, Plaintiffs request that if they are required to answer all Defendants' discovery by November 8 that Defendants have the reciprocal duty to answer all of Plaintiffs' discovery requests by that date or any later date the Court chooses.

Plaintiffs also request that this Court grant an additional discovery extension past the current December 13, 2013 discovery cutoff. Since Plaintiffs' counsel has just entered his appearance, there are a number of factual, legal and investigative efforts he must undertake in a very short period of time. Moreover, Defendants' counsel related that at the last hearing on October 18 before Magistrate Judge Anderson, the Court indicated that it would likely extend the December 13 discovery deadline. If however, the Court determines to maintain the current

discovery schedule, Plaintiffs wish to assure the Court that they will promptly answer Defendants' discovery, and comply with all of the Court's other orders with regard to discovery and the December 19 final pretrial conference. Plaintiffs also anticipate contacting Defendants to further discuss a global settlement of this case, although Plaintiffs will not delay their litigation responsibilities in doing so.

Although this case is in an unusual posture, Plaintiffs believe that with representation of counsel, they will be able to cooperate with Defendants in putting this case back on the proper discovery track. Whether this case settles or proceeds with further litigation, Plaintiffs are committed to abiding by the Court's rules and scheduling orders for this case.

Respectfully submitted,

_____/s/_____
Stephen J. Stine, Esq.
VSB No. 66738
The Stine Law Firm, PLLC
3900 Jermantown Rd., Suite 300
Fairfax, VA 22030-4900
Office Phone: (703) 934-4647 Ext. 316
Cell Phone: (703) 201-5075
Fax: (703) 991-6559
Email: stine@stinelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 31[th] day of October, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following filing user(s):

Jennifer Lee Parrish, (VSB # 31996)
Medford J. Brown, IV, (VSB # 76543)
PARRISH, HOUCK & SNEAD, PLC
910 Princess Anne St., 2nd Floor
P.O. Box 7166
Fredericksburg, VA 22401-7166
(540) 373-3500
Fax: (540) 899-6394
parrish@phslawfirm.com
brown@phslawfirm.com
*Counsel for defendants Cardinal Forest Homeowners Association, Kelly Carder, Michael Carder, Joe Marie*
*Moberg, George Speer, Doug Finch, and Cheryl DiMaio*

Jeremy D. Capps (VSB# 43909)
Harmon, Claytor, Corrigan & Wellman P.O. Box 70280
Richmond, VA 23255
(804) 747-5200
(804) 747-6085 – fax
jcapps@hccw.com

_____/s/_____
Stephen J. Stine, Esq.